# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2529
_____

Tyson R. Walker

*Plaintiff - Appellant*

v.

Leann K. Bertsch; Colby Braun; Shaun Fode; Jean Sullivan; Nick Friez

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of North Dakota - Bismarck
_____

Submitted: December 20, 2018
Filed: December 21, 2018
[Unpublished]
_____

Before LOKEN, BOWMAN, and GRASZ, Circuit Judges.
_____

PER CURIAM.

North Dakota inmate Tyson R. Walker appeals the district court's[1] dismissal without prejudice of his pro se 42 U.S.C. § 1983 action under 28 U.S.C. § 1915A. After careful de novo review, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (standard of review), we find no basis for reversal. We conclude that Walker did not state a due process claim regarding the prison's grievance system, as the grievance process does not give rise to a liberty interest requiring due process protection, see Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam); he did not allege that any specific defendant was responsible for his placement in a special administrative unit, see Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999); and he did not state a claim regarding the deprivation of his property during that placement, as prison officials may limit personal property in administrative segregation, see Hosna v. Groose, 80 F.3d 298, 305 (8th Cir. 1996). Further, the district court did not err in denying leave to amend, because Walker's proposed qui tam actions under the False Claims Act (FCA) against defendant Bertsch would be futile; specifically, the FCA does not subject state agencies to qui tam liability, and Walker did not allege that Bertsch took any actions outside the scope of her duties. See Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 787-88 (2000); U.S. ex rel. Gaudineer & Comito, L.L.P. v. Iowa, 269 F.3d 932, 937 (8th Cir. 2001).

Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B.

_____

---

[1]The Honorable Charles S. Miller, Jr., United States Magistrate Judge for the District of North Dakota, to whom the case was referred for final disposition by consent pursuant to 28 U.S.C. § 636(c).